IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GC MICRO CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES SCHERBER,<br><br>　　　　Defendant | No. C-03-3539 MMC<br><br>**ORDER GRANTING GC MICRO CORPORATION'S MOTION FOR PARTIAL DISMISSAL OF COUNTERCLAIM**<br><br>(Docket No. 12) |

Before the Court is plaintiff and counterdefendant GC Micro Corporation's ("GCM") motion to dismiss the Seventh and Eighth Causes of Action of defendant and counterclaimant James Scherber's ("Scherber") first amended counterclaim. Having considered the papers submitted in support of and in opposition to the motion, the Court finds the motion appropriate for decision without oral argument, (see Civ. L.R. 7-1(b), and hereby VACATES the November 21, 2003 hearing. For the reasons set forth below, GCM's motion to dismiss is GRANTED.

**BACKGROUND**

Scherber is a former employee of GCM who worked as an Information Technology professional. (See Compl. ¶ 3; Counterclaim ¶ 10.) He was responsible for constructing and maintaining substantial parts of GCM's computer networks and databases. (See Compl. ¶ 3; Counterclaim ¶ 11.) Scherber recently resigned from his employment with

GCM. (See Compl. ¶ 3; Counterclaim ¶ 11.)

GCM contends that, since Scherber's resignation, he has "used his knowledge and familiarity with GCM's computer systems, networks and databases to unlawfully gain access to GCM's systems through telecom channels, and in so doing has unlawfully interfered with, caused damage to, and appropriated to his own personal and unlawful use confidential and proprietary information of GCM." (See id. ¶ 4.) GCM asserts causes of action against Scherber for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.; violation of California's Officer Don Burt Act of 1999, Cal. Pen. § 502 et seq.; and trespass to chattels.

On September 11, 2003, Scherber filed his first amended counterclaim against GCM. Scherber asserts causes of action against GCM for assault, unpaid wages, failure to provide meal and rest periods in violation of California Labor Code § 226.7, false imprisonment, conversion, violation of public policy under California Labor Code § 2922, and intentional interference with economic relations. GCM now moves to dismiss the latter two causes of action.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

**DISCUSSION**

**A. Violation of Public Policy**

Scherber's Seventh Cause of Action is for "violation of public policy under California Labor Code § 2922." (See Counterclaim ¶¶ 79-90.) Scherber alleges that he was an at-will

employee at all times during his employment with GCM. (See id. ¶ 80.) Scherber alleges that Lloyd Chapman ("Chapman"), GCM's Sales Director of Operations, (see id. ¶ 8) repeatedly "threatened in public to sue any and all employees who decided to leave the company if such employees failed to give notice of their decision to leave GCM." (See id. ¶ 82.) Chapman made such threats against Scherber "on numerous occasions" in the years, months, and weeks prior to Scherber's resignation. (See id. ¶ 84.) Scherber alleges that these threats violate § 2922, because that section allows him to "leave any job in which he is an 'at-will' employee without giving notice to his employer." (See id. ¶ 85.) Scherber also alleges that Chapman's threats "and the subsequent lawsuit against Scherber have not only the impact of violating his rights but also of chilling and deterring the likelihood that other employees similarly situated will feel free to terminate their employment, as they have a legal right to do so under California Labor Code § 2922, because they are fearful that they also would be wrongfully sued for leaving GCM without giving notice to their employer." (See id. ¶ 87.) As a result of Chapman's threats, Scherber alleges, he suffered "humiliation, stress and mental anguish." (See id. ¶ 89.) GCM moves to dismiss Scherber's Seventh Cause of Action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that it fails to state a claim under a cognizable legal theory, and, in any event, that the conduct on which it is based falls within the litigation privilege set forth in § 47(b) of the California Civil Code.

Scherber contends that Chapman's threats to file suit if Scherber left his employment without notice are actionable as violations of the public policy expressed in § 2922, which provides, in relevant part: "An employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal. Lab. Code § 2922. In accordance with § 2922, "[a]n at-will employment may be ended by either party 'at any time without cause,' for any or no reason, and subject to no procedure except the statutory requirement of notice." See Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 335 (2000). The statute "establishes the presumption that an employer may terminate its employees at will, for any or no reason." See id. at 350. Scherber, however, cites to no case in which a court has recognized a private right of action for enforcement of § 2922. Further, even if such right exists, Scherber does not allege that

3

GCM prevented him from terminating his at-will employment.  Additionally, contrary to Scherber's allegation, § 2922 requires an at-will employee who has decided to terminate his employment to notify his employer.  See id. at 335.  Although Scherber alleges that Chapman's threats have a "chilling" effect on his and other employees' exercising their right to terminate their employment and that, as a result, such threats violate the public policy underlying § 2922, Scherber cites no case, and the Court has found none, recognizing a cause of action for violation of public policy in situations other than wrongful termination.  See, e.g., Stevenson v. Superior Court, 16 Cal. 4th 880, 887 (1997) ( "An employer may not discharge an at will employee for a reason that violates fundamental public policy").  Consequently, Scherber's Seventh Cause of Action fails to state a claim on which relief can be granted.[1]

Accordingly, the Court GRANTS GCM's motion to dismiss Scherber's Seventh Cause of Action and DISMISSES the claim with prejudice.

**B.  Intentional Interference with Economic Relations**

Scherber's Eighth Cause of Action is for intentional interference with economic relations.  (See Counterclaim ¶¶ 91-96.)  Scherber alleges that "the filing of this lawsuit by GCM constitutes an effort on its part to stall and impair Scherber's ability to find work with another similar company and that GCM has done this with the intent to harm Scherber financially and to minimize any business advantages Scherber might bring to a competing company."  (See id. ¶ 94.)  Scherber alleges that "GCM has interfered with his business and economic relationships within the technology community damaging his reputation and ultimately damaging him financially."  (See id. ¶ 95.)

---

[1] In so finding, the Court does not reach GCM's additional argument that the conduct alleged is protected by the litigation privilege provided in California Civil Code § 47(b), and, in particular, the issue of whether the subject communications were made at a time too far in advance of the accrual of any cause of action.  See, e.g., Edwards v. Centex Real Estate Corp., 53 Cal.App. 4th 15, 34 (1997) (noting that "[t]he original purpose of applying the privilege to communications made during litigation was to encourage access to the courts for resolution of disputes" and further stating that "[t]his rationale for the privilege cannot logically be extended to communications made prior to or in anticipation of litigation until the prospect of litigation has gone from being a mere possibility to becoming a contemplated reality") (emphasis in original).

As this cause of action is based entirely on GCM's filing suit against Scherber, it is barred by the litigation privilege set forth in § 47(b), and must be dismissed. See Rubin v. Green, 4 Cal. 4th 1187, 1196 (1993) (noting that "filing of pleadings" is absolutely privileged under § 47(b)). "The remedy for filing a lawsuit for an improper purpose, of course, is malicious prosecution." Trear v. Sills, 69 Cal. App. 4th 1341, 1359 (1999).

In any event, irrespective of the litigation privilege, Scherber has not stated a claim for intentional interference with economic relations. The elements of intentional interference with economic relations are: "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" See Westside Center Assoc. v. Safeway Stores 23, Inc., 42 Cal. App. 4th 507 (1996) (quoting Youst v. Longo, 43 Cal. 3d 64, 71 n.6 (1987)).[2] A defendant can be held liable for the tort only if it interferes "with existing noncontractual relations which hold the promise of future economic advantage." See id. at 524 (emphasis in original). The tort "protects the expectation that the relationship eventually will yield the desired benefit, not necessarily the more speculative expectation that a potentially beneficial relationship will eventually arise." See id. The elements of the tort "presuppose the relationship existed at the time of the defendant's alleged tortious acts lest liability be imposed for actually and intentionally disrupting a relationship which has yet to arise." See id. at 526.

In the instant case, Scherber alleges that the filing of this lawsuit is making it more difficult for him to obtain employment. He does not allege that the lawsuit has disrupted an existing relationship, let alone one of which GCM was aware. Even if he could amend his complaint to include such allegations, however, the cause of action would be barred by the

---

[2] Scherber must also allege that GCM's interference "was wrongful 'by some measure beyond the fact of the interference itself.'" See Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995).

5

litigation privilege, as explained above.

Accordingly, the Court GRANTS GCM's motion to dismiss Scherber's Eighth Cause of Action and DISMISSES the claim with prejudice.

**C. Unfair competition**

Scherber, in his opposition, argues that Chapman's threats constitute unfair competition in violation of California Business and Professions Code § 17200. Scherber cites no case addressing a cause of action for unfair competition based on facts similar to those presented herein, and has not moved for leave to amend.[3] If Scherber wishes to amend his counterclaim to allege a claim for unfair competition, he must file a proper motion for leave to amend.

## CONCLUSION

For the reasons expressed above, GCM's motion to dismiss the Seventh and Eighth Causes of Action of Scherber's counterclaim is GRANTED; Scherber's Seventh Cause of Action, for violation of public policy, and Eighth Cause of Action, for intentional interference with economic relations, are hereby DISMISSED with prejudice.

This order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated: November 19, 2003

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

[3] In addition, the Court notes that the only remedy Scherber has sought is an award of damages. (See Counterclaim ¶¶ 89-90 and Prayer for Relief at 19.) An award of damages is not an available remedy for violation of § 17200. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003).